370 So.2d 521 (1979)
Leighton LOTT
v.
T. J. HALEY, M. D., J. Ray McDermott Company, Aetna Casualty & Surety Co.
No. 63327.
Supreme Court of Louisiana.
April 9, 1979.
Rehearing Denied May 21, 1979.
*522 Alvin J. Bordelon, Jr., Andrew P. Carter, Monroe & Lemann, New Orleans, for plaintiff-applicant.
John V. Parker, Sanders, Downing, Kean & Cazedessus, Baton Rouge, amicus curiae for Louisiana State Medical Society.
Robert D. Bjork, Jr., Adams & Reese, New Orleans, for T. J. Haley and Aetna Casualty and Surety Co.
John J. Weigel, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for J. Ray McDermott Co.
MARCUS, Justice.
On March 21, 1977, Leighton Lott filed suit for damages against Dr. T. J. Haley and J. Ray McDermott Company. Subsequently, Aetna Casualty & Surety Company, medical malpractice insurer of Dr. Haley, was also made a party defendant.
It is alleged that on January 21, 1972, plaintiff underwent a medical examination by Dr. Haley at the request of McDermott to determine whether he was physically fit to continue his employment as a deep-sea diver. Plaintiff was advised by Dr. Haley and McDermott that he was fit to continue his employment. As a result, plaintiff continued to work as a deep-sea diver for McDermott until January 1976, when he resigned from that company and began working for another company. On April 1, 1976, plaintiff procured a medical examination and was advised that he was afflicted with osteocrosis, an occupational disease, and that he would be unable to continue work as a deep-sea diver. He was further informed that he had been suffering from this affliction when examined by Dr. Haley on January 21, 1972 (some four years earlier).
It is asserted that Dr. Haley was negligent in failing to properly diagnose plaintiff's affliction and to render timely medical care and that McDermott was negligent in failing to advise plaintiff of his affliction when it either knew or should have known that plaintiff was physically unfit for continued employment as a deep-sea diver. As a result of the alleged negligence of Dr. Haley and McDermott, plaintiff claims that he continued to work as a deep-sea diver for over four years, causing his condition to progress beyond a point of cure or possible regression, all of which precludes him from ever again working at his profession. He seeks damages in the amount of $350,000.
Dr. Haley and Aetna filed exceptions of prescription which were maintained by the trial court; plaintiff's suit as to them was dismissed. McDermott filed an exception of no cause of action which was sustained; plaintiff was allowed twenty days to amend. Subsequently, due to plaintiff's failure to amend his petition against McDermott, plaintiff's suit as to McDermott was also dismissed. Plaintiff appealed. The court of appeal affirmed the rulings of the trial judge.[1] On application of *523 plaintiff, we granted certiorari to review the correctness of this decision.[2]

PLEA OF PRESCRIPTION
Plaintiff contends the court of appeal erred in retroactively applying La.R.S. 9:5628, effective September 12, 1975, to hold that his cause of action against Dr. Haley and Aetna had prescribed. He argues essentially that retroactive application of this statute divests him of his vested right in his cause of action in violation of the due process guarantees of both the federal and state constitutions. U.S.Const. amend. XIV; La.Const. art. 1, § 2 (1974).
Prior to enactment of La.R.S. 9:5628, medical malpractice claims were subject to a one-year prescriptive period, commencing to run from the date the injured party discovered or should have discovered the existence of facts that would entitle him to bring suit. La. Civil Code arts. 3536, 3537; Cartwright v. Chrysler Corp., 255 La. 598, 232 So.2d 285 (1970). Based on this law, plaintiff's suit must be considered timely filed since he was first apprised of the alleged negligent act which resulted in his injuries on April 1, 1976, and filed suit within a year thereafter (March 21, 1977). However, in the summer of 1975, the legislature enacted La.R.S. 9:5628 which altered the previous law and curtailed the open-ended time limit for filing a medical malpractice suit as follows:
A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.

B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts. (emphasis added)
Applying this statute, plaintiff's action must be considered untimely as it was filed more than three years from the date of the alleged act, omission or neglect.
Thus, the issue confronting this court is whether La.R.S. 9:5628 should be retroactively applied to this case. We think not.
La. Civil Code art. 8 provides that "[a] law can prescribe only for the future; it can have no retrospective operation,. . . ." Likewise, La.R.S. 1:2 states that no statute is retroactive unless it is expressly so stated. According to this court's consistent interpretation, however, the general rule of prospective application applies only to substantive laws as distinguished from merely procedural or remedial laws which will be given retroactive effect in the absence of language showing a contrary intention. Ardoin v. Hartford Acc. & Indem. Co., 360 So.2d 1331 (La.1978); General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417 (1953). This jurisprudential rule is subject to the exception that procedural and remedial laws are not accorded retroactive effect where such retroactivity would operate unconstitutionally to disturb vested rights. Orleans Parish School Board v. Pittman Construction Co., 261 La. 665, 260 So.2d 661 (1972); Succession of Lambert, 210 La. 636, 28 So.2d 1 (1946); Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566 (1940).
It is well established that statutes of limitation are remedial in nature and as such are generally accorded retroactive application. State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943); Shreveport Long Leaf Lumber Co. v. Wilson, supra; DeArmas v. DeArmas, 3 La.Ann. 526 (1848). However, statutes of limitation, like any other procedural *524 or remedial law, cannot consistently with state and federal constitutions apply retroactively to disturb a person of a pre-existing right.[3]Orleans Parish School Board v. Pittman Construction Co., supra. Nonetheless, a newly-created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights. Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950); State v. Recorder of Mortgages, 186 La. 661, 173 So. 139 (1937). Moreover, the legislature is the judge of the reasonableness of the time and the courts will not interfere except where the time is so short as to amount to a denial of justice. Cooper v. Lykes, supra. Finally, where an injury has occurred for which the injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process. Burmaster v. Gravity Drainage District No. 2 of the Parish of St. Charles, 366 So.2d 1381 (La.1978).
In the instant case, plaintiff's cause of action for damages vested on January 21, 1972, the date of Dr. Haley's alleged act of negligence giving rise to plaintiff's injuries. This was prior to enactment of La.R.S. 9:5628 which became effective September 12, 1975. Under the law in effect prior to that date, plaintiff's suit would have been timely filed. La.R.S. 9:5628 is a statute of limitation in that it prescribes fixed time periods for institution of medical malpractice suits. According to the general rule, statutes of limitation are accorded retroactive application. However, in the instant case, La.R.S. 9:5628 operates to eliminate plaintiff's vested right to sue on his pre-existing cause of action without providing a reasonable period following its enactment to assert his claim. Absent such a provision, we conclude that La.R.S. 9:5628 cannot be retroactively applied in the instant case because to do so would divest plaintiff of his vested right in his cause of action in violation of the due process guarantees under the state and federal constitutions. The court of appeal erred in holding otherwise.

EXCEPTION OF NO CAUSE OF ACTION
Plaintiff contends the court of appeal erred in holding that he failed to state a cause of action against McDermott. In his petition, plaintiff alleged:
That J. Ray McDermott Company, through its officers, agents, and employees was negligent in failing to advise petitioner of his affliction when it either knew or should have known that petitioner was physically unfit for continued employment as a deep-sea diver.
The trial court sustained McDermott's exception of no cause of action and allowed plaintiff twenty days to amend. Subsequently, due to plaintiff's failure to amend his petition against McDermott within the time allotted, the trial judge dismissed plaintiff's suit as to McDermott. The court of appeal affirmed, finding that plaintiff failed to state a cause of action because his petition contained only conclusionary allegations. We agree.
Our code of civil procedure sets forth a system of fact pleading. La. Code Civ.P. arts. 854, 891, 1003 and 1004. Cox v. W. M. Heroman & Co., Inc., 298 So.2d 848 (La.1974). Thus, in order to establish a cause of action, plaintiff must set forth in his petition specific facts in support of his claim. La. Code Civ.P. arts. 854 and 891. In the instant case, plaintiff's allegations of negligence against McDermott contain no *525 particular facts to substantiate his claim. Plaintiff states only that McDermott failed to advise plaintiff of his affliction when it "knew or should have known" that he was physically unfit for continued employment as a deep-sea diver. This assertion, however, is but another way of alleging that McDermott was negligent. The court of appeal correctly concluded that plaintiff failed to state a cause of action against McDermott.

DECREE
For the reasons assigned, that portion of the judgment of the court of appeal affirming the trial court's sustaining of the exceptions of prescription filed by Dr. T. J. Haley and Aetna Casualty & Surety Company and dismissing plaintiff's suit as to them is reversed; that portion of the judgment of the court of appeal affirming the trial court's maintaining of the exception of no cause of action filed by J. Ray McDermott Company and dismissing plaintiff's suit as to said company is affirmed. The case is remanded to the district court for further proceedings.
DIXON, J., concurs.
DENNIS, J., concurs in the decision as to the prescription question, but dissents from the holding pertaining to the exception of no cause of action.
NOTES
[1] 363 So.2d 1270 (La.App. 4th Cir. 1978).
[2] 364 So.2d 1039 (La.1978).
[3] Defendant relies upon State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943) in support of retroactive application of the statute at issue. In that case, a constitutional amendment was enacted providing for a three-year liberative prescriptive period on taxes due to the state, where none had previously existed. We held that the constitutional amendment was to be given retroactive effect. In so holding, however, we expressly noted that "[t]he constitutional objection to the . . . divesting of vested rights, has no application to a statute by which the State bars by prescription an action to recover an indebtedness which otherwise might be due to the State."