SCHOTT, Judge.
Plaintiff has appealed from a dismissal of his medical malpractice suit on a summary judgment. The basis for the judgment was that plaintiff’s case had prescribed.
In his suit filed on May 19, 1979, plaintiff alleged that defendant operated on him in May and June of 1969, but these operations were completely unnecessary and resulted in further injury to him and the necessity for further medical treatment. He further alleged that the improper medical care constituted a breach of the implied contract on defendant’s part to furnish him with proper medical care.
In deposition plaintiff testified that he learned in 1975, when he was a patient at Charity Hospital, that the operations were unnecessary.
In this court plaintiff contends that LSA C.C. Art. 3544’s ten year prescription ap *69 plies. However, we have concluded that the applicable prescriptive period is found in R.S. 9:5628. This provides that no action for medical malpractice may be brought unless filed within one year from the date of discovery of the alleged tort. Plaintiff contends that this prescriptive period is not applicable because it was not adopted until the 1975 session of the legislature. However, this position is without merit in the light of Lott v. Haley, 370 So.2d 521 (La. 1979) where it was held that statutes of limitation are remedial in nature and as such are generally accorded retroactive application.
In the Lott case the court recognized that this general rule could not be applied to deprive one of a vested right, but this affords no relief to plaintiff since he could have filed his suit within the year following his discovery in 1975 that the 1969 surgeries were unnecessary. To agree with plaintiff would extend him greater rights than those injured in 1975, clearly an absurd result.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.