433 So.2d 219 (1983)
Mrs. Debra RAMIREZ, Formerly Richard, and Frank Ramirez, Plaintiff-Appellant,
v.
ST. PAUL FIRE & MARINE INSURANCE COMPANY, et al, Defendants-Appellees.
No. 82-848.
Court of Appeal of Louisiana, Third Circuit.
May 2, 1983.
Rehearing Denied July 14, 1983.
Newman, Thibodeaux and Marshall, H. Gayle Marshall, Raymond D. Fuljenz, Lake Charles, for plaintiff-appellant.
Raggio, Cappel, Chozen & Berniard, Richard B. Cappel, Plauche, Smith & Nieset, A. Lane Plauche, Lake Charles, for defendants-appellees.
Before DOMENGEAUX, FORET and CUTRER, JJ.
FORET, Judge.
Debra Ramirez (plaintiff)[1] appeals from the trial court's judgment maintaining a peremptory exception of prescription. Dr. John B. Caire and his medical malpractice insurer, St. Paul Fire & Marine Insurance Company (defendants), filed the exception in response to plaintiff's institution of a medical malpractice action against them. We affirm.
The sole issue is whether the trial court erred in finding that plaintiff's action had prescribed.

*220 FACTS
Plaintiff instituted this action on August 5, 1981. In her petition, plaintiff alleged that Dr. Caire was guilty of numerous acts of medical malpractice in his treatment of her between June 10, 1975, and June 13, 1975.[2] She further alleged that she failed to discover these acts until August 9, 1980.
The minutes of court indicate that defendants filed their peremptory exception of prescription on the third day of the trial on the merits. This action was being tried before a jury, and the trial court immediately halted the proceedings to hear arguments on the exception. Thereafter, the trial court rendered judgment maintaining the exception, and dismissing plaintiff's action with prejudice. The jury was then discharged.

PRESCRIPTION
The trial court retroactively applied LSA-R.S. 9:5628 (the statute) in finding that plaintiff's action had prescribed.
LSA-R.S. 9:5628 provides:
"§ 5628. Actions for medical malpractice
A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
Added by Acts 1975, No. 808, § 1. Amended by Acts 1976, No. 214, § 1."
The trial court based its decision on allegations contained in plaintiff's petition. It noted that the alleged acts of medical malpractice occurred no later than June 13, 1975, and that plaintiff failed to file suit until August 5, 1981. It then cited the language contained in the statute to the effect that, "... in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect." Based on this language and that found in Section (B) of the statute, the trial court concluded that plaintiff's action had prescribed.
Plaintiff contends that the trial court erred in retroactively applying the statute. She argues that such retroactive application constitutes a violation of her constitutional guarantees of due process.
LSA-R.S. 9:5628 went into effect on September 12, 1975, approximately three months after the date on which plaintiff alleged that Dr. Caire committed the acts of medical malpractice.
Lott v. Haley, 370 So.2d 521 (La.1979), presented the first occasion for the Louisiana Supreme Court to decide the issue of whether the statute could be applied retroactively. On page 523, Lott noted that, prior to enactment of the statute, medical malpractice claims were subject to a one-year prescriptive period, commencing to run from the date the injured party discovered, or should have discovered, the existence of facts that would entitle him to bring suit. On pages 523 and 524, Lott reviewed the jurisprudence concerning the retroactive application of statutes of limitation, stating that:
*221 "It is well established that statutes of limitation are remedial in nature and as such are generally accorded retroactive application. State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943); Shreveport Long Leaf Lumber Co. v. Wilson, [195 La. 814, 197 So. 566] supra; DeArmas v. DeArmas, 3 La.Ann. 526 (1848). However, statutes of limitation, like any other procedural or remedial law, cannot consistently with state and federal constitutions apply retroactively to disturb a person of a preexisting right.3 Orleans Parish School Board v. Pittman Construction Co., [261 La. 665, 260 So.2d 661] supra. Nonetheless, a newly-created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights. Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950); State v. Recorder of Mortgages, 186 La. 661, 173 So. 139 (1937). Moreover, the legislature is the judge of the reasonableness of the time and the courts will not interfere except where the time is so short as to amount to a denial of justice. Cooper v. Lykes, supra. Finally, where an injury has occurred for which the injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process. Burmaster v. Gravity Drainage District No. 2 of the Parish of St. Charles, 366 So.2d 1381 (La.1978)." (Emphasis ours.)
In Lott, plaintiff's cause of action vested on January 21, 1972, the date on which the alleged acts of medical malpractice had occurred. Plaintiff failed to discover the existence of said acts until April 1, 1976, and did not file suit until March 21, 1977. Defendant in Lott filed peremptory exceptions of prescription which were maintained by the trial court. The Court of Appeal, Fourth Circuit, affirmed the trial court's decision by retroactively applying LSA-R.S. 9:5628. In effect, the Court of Appeal held that plaintiff's action had prescribed before he discovered the alleged acts on which it was based.
Lott reversed the judgments of the lower court and held that retroactive application of the statute operated to eliminate plaintiff's vested right to sue on his pre-existing cause of action without providing a reasonable period of time following its enactment for him to assert his claim. This was found to be a violation of plaintiff's due process guarantees under the State and Federal Constitutions. However, Lott appears to have left open the possibility that the statute could be applied retroactively in a case where it afforded a plaintiff a reasonable period of time within which to assert a claim.
In the action sub judice, plaintiff had approximately two years and nine months (or until June 13, 1978) following the enactment of the statute within which to assert her claim. Had she done so, her action would have been brought timely under LSA-R.S. 9:5628. It is our opinion that two years and nine months was a reasonable period of time within which to allow plaintiff to bring her action. If we were to allow plaintiff three years following the enactment of the statute to assert her claim, her action would still have prescribed as she failed to institute it until August 5, 1981.
Plaintiff also contends that the doctrine of contra non valentem is still viable in medical malpractice actions despite the enactment of LSA-R.S. 9:5628. She argues that application of the doctrine would have prevented the running of prescription until she discovered the existence of Dr. Caire's alleged acts of medical malpractice. Because she discovered said acts within one year prior to the institution of her action, she argues that it was brought timely. Plaintiff relies on the decision rendered in Cordova v. Hartford Accident & Indemnity Co., 387 So.2d 574 (La.1980).
Cordova was another action based on alleged acts of medical malpractice. Plaintiff's action in Cordova vested in April and May of 1975, approximately four to five months prior to the effective date of LSA-R.S. *222 9:5628. Cordova, applying the doctrine of contra non valentem, found that plaintiff therein discovered the existence of the alleged acts on April 7, 1976, and that he timely filed suit within one year of his discovery thereof. There was no need for Cordova to make a determination of whether the statute could be applied retroactively. Plaintiff's action had been brought timely under the provisions of LSA-R.S. 9:5628 and the law in effect prior to the enactment of that statute. This is indicated by footnote 4, where Cordova states:
"The operations performed in April and May of 1975 as to which plaintiff is charging negligence (although he also contends that defendants negligently treated him prior to the operations) occurred prior to the adoption of R.S. 9:5628. Pertinent to this case R.S. 9:5628 is no different than the prior rule on malpractice prescriptionthat the patient has one year from discovery of the act of malpractice in which to bring suit."
Thus, we do not believe that Cordova stands as authority for the proposition that the doctrine of contra non valentem is still available to plaintiffs in medical malpractice actions. To the contrary, on page 523, Lott states that:
"However, in the summer of 1975, the legislature enacted La.R.S. 9:5628 which altered the previous law and curtailed the open-ended time limit for filing a medical malpractice suit as follows: ..." (Emphasis ours.)
Lott apparently concluded that the doctrine of contra non valentem agere, non currit prescripto was no longer applicable to medical malpractice actions. Under this doctrine, it was held that prescription does not run against one who is ignorant of the existence of facts that would entitle him to bring suit, as long as such ignorance is not willful and does not result from his neglect. See Young v. Clement, 367 So.2d 828 (La. 1979); and, Henson v. St. Paul Fire & Marine Insurance Co., 363 So.2d 711 (La.1978).
Based on the decision in Lott and the clear language of LSA-R.S. 9:5628, it is our opinion that the doctrine of contra non valentem is no longer available to a plaintiff in a medical malpractice action to prevent the running of prescription. Thus, plaintiff's action has prescribed.

DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.
NOTES
[1] Frank Ramirez, plaintiff's husband, was also named as a party-plaintiff in the original petition. He sought to recover damages for various medical expenses incurred by him for the treatment of Mrs. Ramirez. In the petition, it was alleged that this treatment was necessitated by Dr. Caire's allegedly negligent treatment of Mrs. Ramirez. Mr. Ramirez also sought to recover damages for mental anguish he allegedly suffered as a result of the harm caused to his wife by Dr. Caire.

A review of the record shows that Mr. Ramirez took no appeal from the trial court's judgment sustaining defendants' peremptory exception of prescription. Thus, that judgment is final with respect to his claim.
[2] A review of the allegations found in plaintiff's petition indicates that she was examined by Dr. Caire (a gynecologist) on June 10, 1975, for pains in her lower stomach and pubic regions. He diagnosed her as suffering from a massive fibroid tumor behind the uterus and recommended surgery for its removal. Plaintiff submitted to surgery during which Dr. Caire removed her right ovary, right fallopian tube, and appendix. She alleges that Dr. Caire failed to inform her as to what organs he would remove, and that her fallopian tube and appendix were found to have no abnormalities after their removal.