446 So.2d 877 (1984)
Archie SAUCIER
v.
DRS. HOUSTON, ROY, FAUST & EWIN and St. Paul Fire & Marine Insurance Company.
No. C-1894.
Court of Appeal of Louisiana, Fourth Circuit.
February 23, 1984.
Writ Denied April 23, 1984.
H. Martin Hunley, Jr. and C. William Bradley, Jr., New Orleans, for relator.
Floyd J. Reed, New Orleans, for respondents.
Before CIACCIO, LOBRANO and WILLIAMS, JJ.
*878 LOBRANO, Judge.
This writ presents the issue of retroactive application of La.R.S. 9:5628. That statute became effective on September 12, 1975 and provides as follows:
A. No action for damages for injury or death against any physician, chiropractor, dentist or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
Prior to the enactment of that statute a medical malpractice action prescribed by the passage of one year from the date of the tort, or in the event of delayed discovery, by the passage of one year from the date of discovery. La.C.C. Arts. 3536, 3537.
The facts of the instant case are as follows. In June of 1975, relators performed x-rays on plaintiff which allegedly demonstrated disease of the lungs, and relators neither advised plaintiff of the condition nor treated him for it. La.R.S. 9:5628 became effective September 12, 1975. Plaintiff discovered his condition in April 1979, and he filed his complaint in September of 1979.
If La.R.S. 9:5628 is applied retroactively, clearly plaintiff's claim is barred by the three year period. The lower court refused to do so, and relators have perfected this writ.
It is a well established general rule of law that statutes of limitation are remedial in nature and as such are generally accorded retroactive application. State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943); Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566 (1940). However, in Lott v. Haley, 370 So.2d 521 (La.1979) the Louisiana Supreme Court refused to apply La.R.S. 9:5628 retroactively because of the peculiar facts of that case. The alleged malpractice occurred on January 21, 1972. The injury was discovered on April 1, 1976, and suit was filed March 21, 1977. Clearly, under the law prior to the enactment of the subject statute the suit was timely. However, applying the statute retroactively, the three year limitation would have expired January 21, 1975. The Supreme Court pointed out that procedural and remedial laws are not accorded retroactive effect where it would operate to unconstitutionally disturb vested rights. They further stated:
"However, in the instant case, La.R.S. 9:5628 operates to eliminate plaintiff's vested right to sue on his pre-existing cause of action without providing a reasonable period following its enactment to assert his claim. Absent such a provision, we conclude that La.R.S. 9:5628 cannot be retroactively applied in the instant case because to do so would divest plaintiff of his vested right in his cause of action in violation of the due process guarantees under the state and federal constitution."
Clearly, in Lott, giving retroactive application to La.R.S. 9:5628 would have deprived plaintiff of his cause of action since the three year limitation would have expired on January 21, 1975, eight months prior to the enactment of the statute. Thus, plaintiff would have had no opportunity to file his claim.
However, in Ramirez v. St. Paul Fire and Marine, Ins., Co., 433 So.2d 219 (La. App. 3rd Cir.1983), our brethren of the Third Circuit applied the statute retroactively and barred plaintiff's cause of action. The facts of that case are very similar to the instant case. There, the alleged malpractice occurred on June 10, 1975. The injury was discovered on August 9, 1980 *879 and suit filed on August 5, 1981. Since the effective date of the statute is September 12, 1975, the Court reasoned:
"It is our opinion that two years and nine months was a reasonable period of time within which to allow plaintiff to bring her action. If we were to allow plaintiff three years following enactment of the statute to assert her claim, her action would still have prescribed as she failed to institute it until August 5, 1981." Ramirez, supra at 221.
In the Federal District Court case of Fust v. Arnar-Stone Laboratories, No. 80-0084 decided January 9, 1984 the Court found that the claim was barred by the three year peremptive period. The facts of that case show that the alleged malpractice occurred sometime between March of 1975 and November of 1975. The suit was filed on January 7, 1980. In dismissing plaintiff's suit as being untimely, the District Court interpreted Lott as allowing retroactive application of La.R.S. 9:5628 in those instances where an aggrieved party is given a reasonable period of time after September 12, 1975 to file suit. The Court held that Ramirez was a correct interpretation of Lott.
The Second Circuit case of Zeno v. Lincoln General Hospital, 376 So.2d 1284 (La. App. 2nd Cir.1979 followed the holding of Lott and refused to give retroactive application of La.R.S. 9:5628. However, in that case the alleged malpractice occurred in 1969, and thus the 3 year period expired prior to the enactment of the statute. Clearly its retroactive application would have divested plaintiff of a vested right in his cause of action.
Under the facts of the instant case, we are of the opinion that the rationale of Ramirez is controlling. The retroactive application of the statute does not divest plaintiff of anything other than approximately three additional months within which to file suit. Even assuming we were to extend the period to three years from the effective date of the act, that is until September 12, 1978, plaintiff would still not have been timely. We are of the opinion that the rationale of Lott does not apply in the instant case since plaintiff had 2 years and 9 months within which to file his claim. Although it is argued that since he didn't discover the injury until April of 1979, it would have been impossible to file within the prescribed three years, that issue is properly for the legislature. In essence plaintiff complains that the statute is unfair. Nonetheless, the legislature saw fit to put a three year peremptive period on malpractice claims. We see no legal reason to disturb that in this case.
Accordingly, a writ of mandamus is directed to the trial court directing that summary judgment be granted in favor of defendants and that plaintiff's suit be dismissed.