BOWES, Judge.
Plaintiff-appellant, James McBride, filed suit on September 10, 1982, against numerous defendants, for damages allegedly originating from surgery performed by Drs. Robert C. Leaver and William Fisher, Jr. in 1971-72. The surgery involved implantation of a shunt from appellant’s brain to his heart via the internal jugular vein. On September 10, 1981, appellant underwent an operative diagnostic evaluation by Dr. James Brown to determine the cause of his fever, headaches, and other physical complaints. Cultures taken at this time subsequently grew Staphyloccus Epidermidis, a gram positive coci, after four weeks of incubation. It was not until October 10, 1981, that the plaintiff was informed of (and hence discovered) the confirmation of the Staph infection and that it was the cause of the medical problems which he had been suffering for several years after the surgery for the shunt. Besides Doctors Fisher and Leaver, the only appellees in this action, the suit names several hospitals and physicians whom plaintiff consulted about these medical problems in the interim between his 1972 operation and the 1981 diagnosis and procedure.
The record shows that Mr. McBride was not treated by Fisher and/or Leaver subsequent to the 1971-72 operations. Consequently, appellees filed an exception of prescription, which was maintained by the trial court. It is from this judgment that the plaintiff appeals. We reverse and remand.
The exception of prescription was based on La.R.S. 9:5628, which was enacted in 1975 and which states:
A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly .licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
Prior to this, medical malpractice claims were subject to a one-year prescriptive period commencing from the date the injured party discovered or should have discovered the existence of facts that would entitle him to bring suit. Lott v. Haley, 370 So.2d 521 (La.1979); La.Civil Code Arts. 3536, 3537.
We have carefully considered both the statute in question and the applicable juris *604 prudence, and have concluded that the plaintiffs action has not prescribed.
There are only two Supreme Court cases addressing the narrow issue now before us. Lott v. Haley, supra and Chaney v. State of Louisiana, 432 So.2d 256 (La.1983). We believe the case before us is on all fours with Lott.
The alleged negligence suffered by Leighton Lott occurred in 1972 when he was examined by a doctor. On April 1, 1976, through a pre-hiring examination by another doctor, he discovered that he had been suffering from an occupational disease, and had been at the time of the 1972 examination. He had no knowledge of, no way of knowing, and apparently no reason to know of this disease, and of the failure to diagnose. R.S. 9:5628 became effective on September 12, 1975. Lott filed suit on March 21, 1977.
Justice Marcus, as author, stated:
Thus the issue confronting this court is whether La.R.S. 9:5628 should be retroactively applied to this case. We think not.
Justice Marcus then made the following astute observations:
It is well established that statutes of limitation are remedial in nature and as such are generally accorded retroactive application. State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943); Shreveport Long Leaf Lumber Co. v. Wilson, supra; DeArmas v. DeArmas, 3 La.Ann. 526 (1848). However, statutes of limitation, like any other procedural or remedial law, cannot consistently with state and federal constitutions apply retroactively to disturb a person of a preexisting right.3 Orleans Parish School Board v. Pittman Construction Co., supra. Nonetheless, a newly-created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights. Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950); State v. Recorder of Mortgages, 186 La. 661, 173 So. 139 (1937). Moreover, the legislature is the judge of the reasonableness of the time and the courts will not interfere except where the time is so short as to amount to a denial of justice. Cooper v. Lykes, supra. Finally, where an injury has occurred for which the injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process. Burmaster v. Gravity Drainage District No. 2 of the Parish of St. Charles, 366 So.2d 1381 (La.1978).
In refusing to retroactively apply L.R.S. 9:5628 to defeat Lott’s cause of action by prescription, the Supreme Court held:
In the instant ease, plaintiffs cause of action for damages vested on January 21, 1972, the date of Dr. Haley’s alleged act of negligence giving rise to plaintiff’s injuries. This was prior to enactment of La.R.S. 9:5628 which became effective September 12, 1975. Under the law in effect prior to that date, plaintiff’s suit would have been timely filed. La.R.S. 9:5628 is a statute of limitation in that it prescribes fixed time periods for institution of medical malpractice suits. According to the general rule, statutes of limitation are accorded retroactive application. However, in the instant case, La.R.S. 9:5628 operates to eliminate plaintiff’s vested right to sue on his preexisting cause of action without providing a reasonable period following its enactment to assert his claim. Absent such a provision, we conclude that La.R.S. 9:5628 cannot be retroactively applied in-the instant case because to do so would divest plaintiff of his vested right in his cause of action in violation of the due process guarantees under the state and federal constitutions. The court of appeal erred in holding otherwise.
In the present case, the negligent act alleged by James McBride occurred in 1971-72. His discovery of same came on October 10, 1981. Suit was filed on September 10, 1982, within one year after discovery but more than three years after the occurrence. In the interim, Mr. McBride *605 underwent multiple hospitalizations at Earl K. Long Memorial Hospital, Ochsner Medical Foundation Hospital, Our Lady of the Lake Medical Center, Rhodes J. Spedale General Hospital and Veterans Administration Hospital without a diagnosis ever being made as to the cause of his medical problems. Certainly, no more could be expected of a person to try to discover the cause of his complaints. Accordingly, we find the plaintiff was absolutely blameless in not discovering the negligent act com-plainéd of sooner.
When, as here, an alleged act of malpractice occurred prior to 1975, and the disease or illness was either one with a long gestational period, or was difficult to diagnose, and when plaintiff did his best to ascertain the cause of his problems, a retroactive application of 9:5628 would be a “denial of justice”, which is prohibited by Lott.
The Lott court noted that LSA-R.S. 9:5628 operated to eliminate plaintiffs vested right to sue on his pre-existing cause of action without providing a reasonable time following its enactment for a plaintiff (Lott or, here, McBride) to assert his preexisting claims; and, absent such a provision, which is totally absent in this statute, the statute cannot be retroactively applied. The wisdom and fairness of this holding is readily seen when one realizes that if the statute is applied to McBride, in all probability, his cause of action would have already prescribed on the effective date of the statute. (The facts do not tell us exactly when in 1972 the last alleged negligent act occurred.)
There has been no change in the legislation since Lott, and Lott has not been changed or overruled. Therefore, we are compelled to conclude that the holding of the court in that case is still applicable. As can be seen, the relevant facts in the case at bar are nearly indistinguishable from those in Lott. We find, as the Supreme Court did there, that a retroactive application of the statute in this case would operate to divest McBride of his pre-existing vested right in his cause of action, in violation of the state and federal due process guarantees.
We find the instant case factually different from Chaney, supra, in which the Supreme Court (also with Justice Marcus as author) commented that the doctrine of “contra non valentum agere nulla currit praescriptio,” as applied to actions for medical malpractice, was legislatively overruled in a limited manner, by the enactment of the statute in regard to claims filed more than 3 years from the alleged malpractice. However, the claim (alleged negligence) in that case did not vest until 1977, 2 years after the statute became effective. Here McBride’s cause of action vested in 1972. The question of a retroactive application of the statute was not discussed; but, rather, the Court in Chaney enlightened us to some extent on the application of the statute as to claims arising (acts of malpractice committed) after September 12, 1975. We see no conflict in our holding in this case with Lott and/or Chaney. Whether or not the Legislature, purposely or inadvertently, created two classes of plaintiffs is beyond the scope of this appeal.
We are aware of an apparent split of decisions among the circuit courts of appeal. See Zeno v. Lincoln General, 376 So.2d 1284 (La.App. 2nd Cir.1979) (the statute cannot be retroactively applied in a similar situation); Ramirez v. St. Paul Fire and Marine Insurance Co., 433 So.2d 219 (La.App. 3rd Cir.1983) (the statute would be applied giving plaintiff a maximum of 3 years from the date the statute was enacted in which to assert his claim); and Saucier v. Drs. Houston, Roy, et al., 446 So.2d 877 (La.App. 4th Cir.1984), which attempts to reconcile the two divergent lines of reasoning. We are also cognizant of Fust v. Arnar Stone Laboratories, No. 80-004, rendered January 9, 1984, by the U.S. District Court for the Eastern District of Louisiana, which adheres to Ramirez. However, the latter court is merely a district court of inferior jurisdiction and it’s decision has no more persuasive force on this court than our own district court, from which this case originated, since Supreme *606 Court cases are controlling. It would be inappropriate to comment on the decisions of the circuit courts mentioned above, except to say that we generally agree with our brothers of the Second Circuit.
For the foregoing reasons, the judgment of the trial court is reversed and the matter remanded for trial. Appellees are to pay all costs of this appeal and of the district court.
REVERSED AND REMANDED