LOBRANO, Judge.
Appellant instituted this action to recover damages allegedly sustained for various acts of malpractice which occurred during her course of treatment with appellee. Appellant’s suit was dismissed based on the prescriptive provisions of La.R.S. 9:5628.
The issue presented for our consideration is the applicability of R.S. 9:5628 as applied to the facts of this case.
The relevant facts are as follows. Appel-lee is a psychiatrist who treated appellant from November 15, 1962 thru February of 1975. Appellant alleges that on or about November 1, 1983 she became aware that appellee’s treatment consisted of various acts of malpractice and thus filed suit on *1253 October 29, 1984. She alleges that her mental state had not recovered to an extent to become aware of appellee’s malpractice until November of 1983.
To these we add the fact that La.R.S. 9:5628 became effective September 12, 1975. That statute provides:
“A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.”
We maintain the exceptions of appellee based on the three year prescription of the above statute and our holding in Saucier v. Drs. Houston, Roy, Faust and Ewin, 446 So.2d 877 (La.App. 4th Cir.1984), writ denied, 449 So.2d 1343 (La.1984). Appellant cites Lott v. Haley, 370 So.2d 521 (La.1979) and general due process arguments in support of her position against giving retroactive effect to R.S. 9:5628.
In Saucier, supra, we distinguished Lott, supra, because of its factual difference and we addressed the due process argument. Because the facts of the instant case are similar to the facts of Saucier we see no point in repeating our reasons. Suffice it to say that in Saucier the alleged malpractice occurred in June of 1975, giving the plaintiffs at least 2 years and 9 months from the date of the statute to file suit. In the case before us, the last date of the alleged malpractice was February, 1975 giving appellant at least 2 years and 5 months to file suit. Even if we were to allow three full years from the effective date of the statute, appellant would still be in excess of six years late. See, Fust v. Arnar-Stone Laboratories, Inc., 736 F.2d 1098 (C.A.5, 1984).[1]
Appellant also argues the doctrine of contra non valentem as a bar to the running of prescription. Generally that doctrine is applicable where the cause of action is not known or reasonably knowledgeable by a plaintiff, even though his ignorance is not induced by the defendant. Corsey v. State Dept. of Corrections, 375 So.2d 1319 (La.1979). However, in Chaney v. State Through the Department of Health, 432 So.2d 256 (La.1983) the Supreme Court held that the legislature, by enacting R.S. 9:5628, had legislatively overruled the doctrine of contra non valentem as it applies to medical malpractice actions filed more than three years from the date of the act, omission or neglect. See also, Ramirez v. St. Paul Fire and Marine Ins. Co., 433 So.2d 219 (La.App. 3rd Cir.1983).
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. But see, McBride v. Earl K. Long Memorial Hospital, 459 So.2d 602 (La.App. 5th Cir.1984).