493 So.2d 920 (1986)
Tom Allen BILLEDEAU, Plaintiff-Appellant,
v.
George PRATHER, Defendant-Appellee.
No. 85-795.
Court of Appeal of Louisiana, Third Circuit.
September 5, 1986.
Bearden, Fitzgerald & Sandefer, Richard Sandefer, Lafayette, for plaintiff-appellant.
Charles Boudreaux, Jr. of Pugh & Boudreaux, Lafayette, for defendant-appellee.
Before GUIDRY, DOUCET, JJ., and MANSOUR,[*] J. Pro. Tem.
ALFRED A. MANSOUR, Judge Pro. Tem.
Plaintiff filed this medical malpractice suit on June 2, 1981. He alleged that he was injured in 1974 when his hand accidentally broke through a glass pane at his residence; that he was treated by defendant; that on June 2, 1980, he was seen by another physician who discovered a sliver of glass lodged in his hand.
Defendant filed a peremptory exception based on La.R.S. 9:5628. At the hearing on the exception the parties stipulated the following chronology of events:
1. June 21, 1974The date on which defendant first treated plaintiff;
2. November 8, 1976, June 9-13, 1977 Subsequent dates of treatment of plaintiff by defendant;
3. June 13, 1977Last date of treatment of plaintiff by defendant;
4. June 2, 1980Discovery of glass in plaintiff's hand; and,
5. June 2, 1981Suit filed by plaintiff.
The trial court, citing Ramirez v. St. Paul Fire & Marine Ins. Co., 433 So.2d 219 (La.App. 3 Cir.1983), writ den. 441 So.2d 212 (La.), sustained the exception and dismissed plaintiff's suit with prejudice. This appeal followed.
The plaintiff's position is that our decision in Ramirez is inconsistent with that of the Louisiana Supreme Court in Lott v. Haley, 370 So.2d 521 (La.1979). He argues that Lott precludes the application of La. R.S. 9:5628 to alleged acts of medical malpractice which occurred before September 12, 1975, the effective date of that statute. He argues further that we erred in Ramirez when we held that the doctrine of contra non valentem agere nulla currit *921 praescriptio[1] no longer applies in medical malpractice cases. We disagree with the position of plaintiff for the reasons enunciated in Ramirez wherein we distinguished the facts of that case from those of Lott. Lott did not hold that La.R.S. 9:5628 did not apply retroactively to all medical malpractice cases. Indeed, the Louisiana Supreme Court said:
"Nonetheless, a newly created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights." (370 So.2d at p. 524)
The Supreme Court declined to apply the statute retroactively in Lott because of the chronology of events in that particular case.
Ramirez was decided May 2, 1983, and on May 23, 1983, the Supreme Court of Louisiana decided Chaney v. State Through Dept. of Health, 432 So.2d 256 (La.1983). In Chaney the Court held that the doctrine of contra non valentem does not apply to the three year limitation of La.R.S. 9:5628. In 1984 the United States Court of Appeals, Fifth Circuit, followed Ramirez in Fust v. Arnar-Stone Laboratories, Inc., 736 F.2d 1098 (5th Cir.1984). There, the Court stated (at p. 1100):
"We conclude that a claim which antedated the effective date of R.S. 9:5628 remained viable for three years after the effective date of that statute and thereafter succumbed to the absolute bar impressed by the Louisiana Legislature, Statutes of limitation, being procedural and remedial in nature, are generally accorded retroactive effect, unless they are unconstitutionally cast. And, as the Louisiana Supreme Court observed in Lott, 370 So.2d at 524: `a newly-created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights.' Citing Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950); State v. Recorder of Mortgages, 186 La. 661, 173 So. 139 (1937). Interpreting R.S. 9:5628 as allowing three years from its effective date for the assertion of all prestatute claims, results in the statute passing constitutional muster."
The Louisiana Supreme Court, in two recent decisions, has held that the three year period of limitation provided for in La.R.S. 9:5628 is one of prescription rather than peremption, however, with the qualification that the contra non valentem exception to prescription, embodied in the discovery rule, is expressly made inapplicable after three years from the act, omission or neglect. Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986), and Crier v. Whitecloud, 486 So.2d 713 (La.1986).
For the foregoing reasons we decide (1) that La.R.S. 9:5628 should be applied retroactively; (2) the three year period of limitation set forth in La.R.S. 9:5628 is prescriptive rather than peremptive, however, such three year period of limitation is not subject to the contra non valentem exception; and, (3) therefore, since this suit was filed more than three years after the effective date of La.R.S. 9:5628, plaintiff's cause of action for the alleged medical malpractice has prescribed.
AFFIRMED.
NOTES
[*] Judge Alfred A. Mansour of the 9th Judicial District Court participated in this decision as Judge Pro Tempore of the Third Circuit Court of Appeal.
[1] No prescription runs against a person unable to bring an action.