914 So.2d 556 (2005)
John HELMERS, Anna Helmers Walters, and Paul Helmers, Individually, and for and on Behalf of Their Deceased Father, Hans T. Helmers
v.
FERNANDEZ NURSING HOME, INC., Individually, d/b/a, and Fernandez Nursing Home, St. Rita's Nursing Home, ABC Insurance Company and XYZ Insurance Company.
No. 2004-CA-0201.
Court of Appeal of Louisiana, Fourth Circuit.
July 6, 2005.
*557 Daniel W. Nodurft, New Orleans, Kevin D. Shearman, Shearman & Shearman, L.L.C., Metairie, Counsel for Plaintiff/Appellant.
B. Aven Bruser, Deborah A. Van Meter, McGlinchey Stafford, PLLC, New Orleans, Counsel for Defendants/Appellees.
Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, Judge LEON A. CANNIZZARO Jr.
McKAY, J.
This is an appeal of the trial court's judgment sustaining an exception of prescription with respect to the plaintiffs'/appellants' claims for alleged violations of the Nursing Home Residents' Bill of Rights La. R.S. 40:2010.6, et seq. ("NHRBR").[1] For the reasons that follow, we affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY:
John Helmers, Anna Helmers Walters, and Paul Helmers, individually and on behalf of their deceased father, Hans Helmers ("the appellants"), brought survival and wrongful death actions against Fernandez Nursing Home ("Fernandez") and St. Rita's Nursing Home.[2] Hans Helmers was a resident at Fernandez from December 28, 1998, until January 8, 1999, and was, thereafter, admitted to St. Rita's Nursing Home. The petition for damages, filed on May 2, 2001, claimed that Hans Helmers sustained a decubitus ulcer and other serious injuries as a result of the negligence of the nursing home facilities, which injuries ultimately led to his death on May 11, 2000. The petition further alleged deviation from the applicable standard of care, negligence, malpractice,[3] breach of contract, and/or violation of the NHRBR.
On August 7, 2002, Fernandez filed an Exception of Prescription with respect to *558 the appellants' survival action. The exception maintained that because Hans Helmers allegedly sustained damages no later than January 8, 1999, the petition filed in May of 2001, more than two years later, is prescribed on its face.[4] On March 24, 2003, the trial court granted the exception of prescription.[5] The appellants' motion for new trial was denied on November 24, 2003. This timely devolutive appeal followed.
On appeal, the appellants assert that the trial court erred when it failed to apply the appropriate prescriptive period. More specifically, the appellants argue that because the petition alleged breach of contract, the applicable prescriptive period is ten years, not one year. In opposition, Fernandez submits that the appellants' attempt to classify their NHRBR claim as contractual is incorrect because there has been no showing that a contract between Fernandez and Hans Helmers and/or his family ever existed. Specifically, Fernandez argues that the appellants do not allege the existence of a contract and do not specify the provisions allegedly breached.

ANALYSIS:
At the outset, we must agree with Fernandez that the appellants have presented no evidence of a contract and, therefore, have failed to establish their contract claim. The record is void of any evidence that a written contract existed with Fernandez. Accordingly, we find no error in the trial court's failure to apply the ten-year prescriptive period applicable for breach of contract claims.
Fernandez argues that the one-year prescriptive period set forth in the 2003 amendment to the NHRBR should be applied retroactively in this case. Prior to its amendment, the NHRBR did not set forth a prescriptive period for claims arising under the statute. In 2003, the statute was amended, and La. R.S. 40:2010.9(C) was added to provide, in pertinent part:
Any claim brought pursuant to R.S. 40:2010.8 et seq. shall be filed in a court of competent jurisdiction within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
Alternatively, Fernandez contends that the one-year prescriptive period provided by La. R.S. 9:5628 should control.
The applicable prescriptive period for medical malpractice claims against health care providers is found in La. R.S. 9:5628. At all times pertinent to this cause of action, the statute provided:[6]

*559 A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
La. R.S. 40:1299.41(A) (the MMA) was amended in 2001 to specifically include "nursing home" within the definition of "health care provider." Moreover, the Louisiana Supreme Court in Richard v. Louisiana Extended Care Centers, Inc., 02-0978, p. 9 n. 6 (La.1/14/03), 835 So.2d 460, 466 n. 6, noted that "[i]t is undisputed that a nursing home is a `health care provider' under the MMA," and that even prior to the 2001 amendment, the MMA's statutory definition of "hospital" included a "nursing home."
By statute, malpractice is defined as "any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient. . . ." La. R.S. 40:1299.41(A)(8). In the instant case, it is clear that the claims alleged against Fernandez are essentially grounded in medical malpractice. Considering the clear and unambiguous language of the above referenced statutes, we conclude that the appellants' claims against Fernandez are subject to the one-year prescriptive period pursuant to La. R.S. 9:5628.
On the issue of the retroactive application of La. R.S. 40:2010.9(C), it is a well-established general rule of law that statutes of limitation are remedial in nature and as such are generally accorded retroactive application. Lott v. Haley, 370 So.2d 521 (La.1979); Saucier v. Drs. Houston, Roy, Faust & Ewin, 446 So.2d 877, 878 (La.App. 4 Cir.1984). However, as stated by the Louisiana Supreme Court in Lott, procedural and remedial laws are not accorded retroactive effect where it would operate to unconstitutionally disturb vested rights.
Given the particular facts of this case, because the amendment to La. R.S. 40:2010.9(C) does not shorten the one-year prescriptive period provided by La. R.S. 9:5628, there is clearly no disturbance of vested rights in the retroactive application of La. R.S. 40:2010.9(C). It is clear from the allegations of the petition that Hans Helmers, and his family, were fully aware of his claim on January 8, 1999 when he was removed from the nursing home. Applying either statute, the appellants' cause of action against Fernandez prescribed in January of 2000. The petition for damages filed in May of 2001 was, therefore, untimely.

CONCLUSION:
For the foregoing reasons, we find no error on the part of the trial court in applying a one-year prescriptive period in the present action.
AFFIRMED.
NOTES
[1] In 1985 the Legislature adopted the NHRBR, which required all nursing homes to adopt and make public a statement of rights and responsibilities of its residents. The NHRBR further provided that any violation of the enumerated rights may be enforceable by a private civil action.
[2] St. Rita's Nursing Home is not involved in this appeal.
[3] The record does not reflect whether Fernandez is a qualified healthcare provider under the Medical Malpractice Act ("MMA") La. R.S. 40:1299 et seq., and we observe that the appellants did not first present their claims against Fernandez to a medical review panel nor did Fernandez object via an exception of prematurity.
[4] The record reflects that the appellants filed a petition for damages for legal malpractice against their previous attorney, Timon Webre, specifically alleging that he failed to file their medical malpractice action before it prescribed in January 2000.
[5] Fernandez Nursing Home also filed an exception of no cause of action and motion for summary judgment in connection with the wrongful death claim. The trial court denied these motions, but that ruling has not been appealed.
[6] By Acts 2001, No. 95, § 1, in subsection A, "nursing home" was inserted after hospital and subsection C. was added, which states: "The provisions of this Section shall apply to all healthcare providers listed herein or defined in R.S. 40:1299.41 regardless of whether the healthcare provider avails itself of the protections and provisions of R.S. 40:1299.41 et seq., by fulfilling the requirements necessary to qualify as listed in R.S. 40:1299.42 and 1299.44."