455 So.2d 1279 (1984)
Sharon CRIER
v.
Thomas S. WHITECLOUD, III, M.D. and Children's Hospital.
No. CA-1792.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1984.
Writ Granted November 16, 1984.
*1281 Stewart E. Niles, Jr., and Vivian L. Madison, Jones, Walker, Waechter, Poitevent, Carrere, & Denegre, New Orleans, for defendant-appellee.
Joseph W. Thomas, and Ammon L. Miller, Jr., New Orleans, for plaintiff-appellant.
Before GARRISON and WARD, JJ., and SAMUEL, J. Pro Tem.
L. JULIAN SAMUEL, Judge Pro Tem.
Plaintiff, Sharon Crier, appeals the granting of defendant's peremptory exception of prescription in this medical malpractice suit. We affirm the judgment of the trial court.
On March 23, 1983, Sharon Crier filed this medical malpractice action against Dr. Thomas S. Whitecloud, III, and Children's Hospital. Plaintiff alleges that in 1978, Dr. Whitecloud, with the assistance of employees of Children's Hospital, surgically implanted a Harrington Rod in plaintiff's back in an attempt to correct her scoliosis. On March 24, 1982, plaintiff began experiencing severe back pain. She was admitted to Children's Hospital. X-rays taken at the hospital revealed that the Harrington Rod had broken. Plaintiff alleges negligence on the part of both defendants in implanting a defective Harrington Rod in her back, and/or in improperly implanting the Harrington Rod in her back.
Defendant Whitecloud filed a peremptory exception prescription based on La.R.S. 9:5628. After a hearing on the matter, the trial judge sustained the exception and dismissed plaintiff's suit as to Dr. Whitecloud. Plaintiff appeals.
The sole issue on appeal is the constitutionality of La.R.S. 9:5628. That statute provides:
A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.

B. The provisions of this section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts. (emphasis supplied)
Plaintiff did not discover the alleged malpractice until March 24, 1982, more than three years from the date of the surgery in 1978. Therefore, La.R.S. 9:5628 precludes plaintiff from bringing an action for damages. On appeal, plaintiff argues that La. R.S. 9:5628 violates the due process, equal protection and open access to courts clauses of the Louisiana Constitution, La. Const. Art. I sections 2, 3 and 22 (1974),[1] because *1282 it prescribes her claim for damages before she has an opportunity to file suit, i.e. before her discovery of the alleged facts.
Although the constitutionality of La.R.S. 9:5628 appears to be a question of first instance in this court, the same issue has been raised and resolved by our brethren in the First Circuit. In Valentine v. Thomas, 433 So.2d 289 (La.App. 1st Cir.1983), writ denied 440 So.2d 728 (La.1983), the plaintiff (a medical malpractice claimant) suffered an acromioclavicular separation which was surgically repaired by the defendant on November 25, 1977. On January 4, 1978, the defendant removed two portions of wire used in the operation from plaintiff's shoulder. On March 9, 1981, the plaintiff discovered that the defendant had failed to remove all portions of the wire from his shoulder. This discovery did not occur until after the three year limitation imposed in La.R.S. 9:5628 had expired and therefore the plaintiff was precluded from filing suit for damages. The plaintiff argued that La.R.S. 9:5628 was unconstitutional in that it violates Article I sections 2, 3, and 22 of the Louisiana Constitution because it does not afford a reasonable opportunity to assert a claim. In the instant case, plaintiff makes the same argument regarding the same constitutional provisions. In a well-reasoned opinion, the Valentine court upheld the statute against the constitutional attack.
In addressing the plaintiff's Equal Protection argument, the First Circuit noted the constitutional test of equal protection: if a law or statute violates a fundamental interest or is based upon a trait which renders a classification suspect, there must be a compelling governmental interest to justify the difference in treatment by law. If no fundamental right or suspect classification is involved, the test becomes whether the discriminatory law is supported by a rational basis reasonably related to the governmental interest sought to be advanced. Valentine v. Thomas, supra at 292.
The First Circuit concluded, and we agree, that La.R.S. 9:5628 does not affect a fundamental right or create a suspect classification.[2] The right to recover the full extent of damages one is owed from a tortfeasor is not a fundamental right. Bazley v. Tortorich, 397 So.2d 475 (La.1981). Therefore, the proper test to be applied in this instance is whether the discriminatory treatment accorded medical malpractice victims by La.R.S. 9:5628 is supported by a rational basis reasonably related to the governmental interest sought to be advanced.
The Valentine court described the legislative objective behind La.R.S. 9:5628 as follows:
This statute is one of several passed in response to sharp increases in medical malpractice insurance rates and the resulting threat of reduced health care to the patient and of greatly increased medical costs to the public. Limitations on the time within which an injured patient may bring a malpractice action will serve to restrict the number of suits brought. The interest sought to be advanced is the alleviation of the insurance crisis by reducing medical malpractice claims, thereby reducing medical malpractice insurance rates, resulting in health care being more accessible to patients at reasonable costs.

Valentine v. Thomas, supra at 292.
We find the classification in La.R.S. 9:5628 to be rationally related to the governmental objective sought to be advanced: the reduction of the cost of health care to the public.
*1283 Moreover, we recognize that it is peculiarly within the realm of the legislature to establish time periods affecting the imposition of liability for past acts. Burmaster v. Gravity Drainage District No. 2, 366 So.2d 1381 (La.1978). In the case of Ancor v. Belden Concrete Products Inc., 256 So.2d 122 (La.1971), the Louisiana Supreme Court upheld the constitutionality of the two-year prescriptive period for a claim for worker's compensation benefits under La.R.S. 23:1209. In Ancor, the plaintiff did not discover his injury until after the two year peremptory period had expired. The Court held that the failure of La.R.S. 23:1209 to afford recovery for all losses recoverable in tort did not impair its validity.
Accordingly, we concur with the First Circuit in concluding that La.R.S. 9:5628 does not violate the Equal Protection Clause of the Louisiana Constitution.
In addressing plaintiff's due process argument, we turn again to the Valentine case for reference. In Valentine, the court noted that a statute violates due process when it bears no real or substantial relationship to an appropriate governmental objective. The test of substantive due process is whether the statute is reasonable in relation to the goal to be attained and is adopted in the interest of the community as a whole. Valentine v. Thomas, supra at 293; Everett v. Goldman, 359 So.2d 1256 (La.1978).
As stated above, the legislative objective behind the passage of La.R.S. 9:5628 is the alleviation of the insurance crisis by reducing the number of malpractice claims which in turn results in reduced insurance rates and ultimately provides health care at reduced cost to the public.
We find this to be a legitimate goal for a state lawmaking body. As was pointed out in Valentine, La.R.S. 9:5628 bears a real and substantial relationship to the public welfare because it seeks to promote increased health care for Louisiana citizens at reasonable rates.
We recognize also that as the events which give rise to legal liability recede into the past, memories fade, documents become misplaced, and witnesses become more difficult to locate. In short, the availability of evidence diminishes as the passage of time increases. A time limit on liability must be established at some point. We agree with the First Circuit in holding that the three year limitation in La.R.S. 9:5628 is a reasonable length of time for acts of malpractice to be discovered and suits instituted.
Accordingly, we hold that La.R.S. 9:5628 does not offend the Due Process clause of the Louisiana Constitution.
Plaintiff's final argument is that La.R.S. 9:5628 deprives him of the constitutional guarantee of access to the courts. We note at the outset that the guarantee of access to the courts is in reality a guarantee of due process.[3] Thus, when a claimant asserts a right not subject to special constitutional protection, access to the courts may be restricted if there is a rational basis for the restriction. Everett v. Goldman, supra, Valentine v. Thomas, supra.
We have previously held that the right urged by plaintiff is not a fundamental right. We have also held that there is a rational basis for La.R.S. 9:5628. Therefore, we find that the statute does not unconstitutionally deprive plaintiff of access to the courts.
Under familiar principles of constitutional law, the validity of a statute is presumed. The burden is upon the assailant to clearly demonstrate its unconstitutionality. Any doubt must be resolved in favor of constitutionality. Ancor v. Belden Concrete Products, Inc., supra, and cases cited therein.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED
NOTES
[1] La. Const. Art. I section 2 provides as follows:

No person shall be deprived of life, liberty, or property, except by due process of law.
La. Const. Art. I section 3 provides as follows:
No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited except in the latter case as punishment for crime.
La. Const. Art I section 22 provides as follows:
All courts shall be open, and every person shall have an adequate remedy by due process of law and justice administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.
[2] Fundamental rights include such rights as free speech, voting, interstate travel and other fundamental liberties. Suspect classifications are those involving unalterable traits such as race, alienage and religion. Everett v. Goldman, 359 So.2d 1256 (La.1978).
[3] In fact, plaintiff has had access to the trial court and is now here on appeal.