486 So.2d 713 (1986)
Sharon CRIER
v.
Dr. Thomas S. WHITECLOUD, III, and Children's Hospital.
No. 84-C-1699.
Supreme Court of Louisiana.
March 31, 1986.
Rehearing Granted May 9, 1986.
Joseph W. Thomas, Ammon L. Miller, Jr., for applicant-plaintiff.
Stewart E. Niles, Jr., Vivian L. Madison, Jones, Walker, Waechter, et al., Peter T. Dazzio, for defendants-respondents.
LEMMON, Justice.
This case presents the issue of the application of La.R.S. 9:5628's three-year limitation for bringing an "action for damages for injury" resulting from medical malpractice when the initial act of malpractice does not cause any injury until more than three years after "the date of the alleged act, omission or neglect". We conclude that since injury is an essential element of a cause of "action for damages for injury" and the courts cannot take cognizance of such an action until an injury occurs, commencement of the accrual of prescription is suspended between the time of the act or omission and the time the injury occurs, and that La.R.S. 9:5628, being a prescriptive rather than a peremptive statute, does not prevent the suspension of prescription during that period of time.
In 1978, defendant doctor surgically implanted a Harrington Rod in plaintiff's back in order to correct a lateral curvature of her spine. On March 24, 1982, plaintiff returned to the hospital complaining of severe back pain. X-rays revealed that the rod had broken.
Plaintiff filed this action for damages for the back injury on March 23, 1983 against the doctor and the hospital.[1] The doctor filed an exception of prescription on the basis of La.R.S. 9:5628, which provides:
"A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission *714 or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.

"B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts." (emphasis added)
The trial court maintained the exception and dismissed the doctor from the suit. On appeal, the intermediate court affirmed. 455 So.2d 1279. Addressing only the constitutional issues, the court held that since the statute provided a reasonable length of time for acts of malpractice to be discovered and suits to be instituted, plaintiff was not denied due process or access to the courts. The court further held that the classification providing favored treatment to doctors and hospitals was rationally related to the valid governmental objective of reducing the costs of health care to the public by reducing medical malpractice claims and consequently lowering insurance rates. We granted certiorari to review these rulings. 460 So.2d 594. In reversing, we do not reach the constitutional issues, but rather base our decision on interpretation of the statute. We conclude that La.R.S. 9:5628 is a prescriptive rather than a peremptive statute which merely exempts medical malpractice cases from the general rule that suspends the running of prescription during the period that an injury is not discovered or discoverable. Nevertheless, when injury does not immediately follow the act or omission, the statute does not by its terms prevent the suspension of prescription during the period between the date of the act or omission and the date that injury first results from the act or omission.
The threshold question is whether the statutory period is one of prescription or of peremption. The distinction is significant. La.C.C. Art. 3461 provides that peremption may not be renounced, interrupted or suspended, and suspension of the running of prescription, such as that based on the doctrine of contra non valentem agere nulla currit praescriptio is therefore not applicable to periods of peremption.
The Court of Appeal for the Fourth Circuit correctly decided this issue in Chalstrom v. Desselles, 433 So.2d 866 (La.App. 4th Cir.1983). Noting that the ultimate test for distinguishing between prescriptive and peremptive periods is the legislative intent, the court pointed out that the title of the act which enacted La.R.S. 9:5826 stated that its object was "to provide for a maximum prescriptive period and abandonment with respect to medical malpractice claims". The court concluded that the statute established a simple prescription and held that a timely action against one health care provider interrupted prescription against other health care providers who were not joined within the statute's three-year limit.
This court reaches the same conclusion today in Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986). In addition to the indication in the title of the act that the period is prescriptive, the statute does not both create a right of action and stipulate the delay for exercising the right, as most peremptive statutes do. Moreover, this case does not involve a matter of public law, and there is no apparent compelling reason of public policy for concluding that the Legislature intended such a sharp curtailment of this type of action. Compare Guillory v. Avoyelles Railway Co., 104 La. 11, 28 So. 899 (1901), in which the court held that the three-month period for contesting the validity of a property tax election was peremptive and that there was a strong public policy for requiring prompt action in such a case. See also Comment, Prescription and Peremptionthe 1982 Revision of the Louisiana Civil Code, 58 Tul.L.Rev. 593 (1983).
Accordingly, La.R.S. 9:5628 is a prescriptive statute, and the commencement or the running of the prescriptive period may be suspended. The next step is *715 to determine whether the commencement was suspended in this case.
A cause of action in tort arises from a breach of a legal duty which causes damage to the interest of another. Prescription generally begins to run at the time the damage or injury occurs. See La.C.C. Art. 3492.
La.C.C. Art. 3467 provides that "[p]rescription runs against all persons unless exception is established by legislation". See former Article 3521. Despite this express statutory provision, Louisiana jurisprudence has recognized a limited exception, also recognized by French law, that prescription does not run against a person who for good cause is unable to assert his cause of action when it accrues. Corsey v. State, Department of Corrections, 375 So.2d 1319 (La.1979). In those situations in which a person did not discover the injury or damage immediately after the causative act or omission, the courts generally held that prescription did not begin to run until the person either discovered the injury or by the exercise of reasonable diligence should have discovered it. The exception was based on the civilian doctrine of contra non valentem agere nulla currit praescriptio.[2] 1 M. Planiol, Civil Law Treatise § 2704-05 (Louisiana State Law Institute trans. 1959). Thus, Louisiana jurisprudence has generally rejected as illogical the literal application of prescriptive laws in those cases in which the doctrine is applicable.
La.R.S. 9:5628 is a two-pronged statute. The first prong imposes a one-year limitation which begins either on the date of the act or omission or on the date of discovery of the act or omission. The second prong imposes a three-year limitation which begins on the date of the act or omission, regardless of the date of discovery of the injury. The second prong is apparently intended to place an outer limit on the time for bringing an "action for damages for injury" caused by a health care provider, even if the injury is one which progresses so slowly that the victim does not discover the injury until more than three years after the act or omission. Under the literal terms of the statute, the date of the act or omission is the point in time that prescription commences to accrue on the "action for damages for injury".
This court in Chaney v. State, Department of Health and Human Resources, 432 So.2d 256 (La.1983) recognized that La. R.S. 9:5628 was intended to limit the application of the doctrine of contra non valentem in that category of cases in which the cause of action was not known or reasonably knowable by the plaintiff. However, Chaney expressly reserved decision on the effect of the statute to the applicability of the doctrine in those situations which did not involve discovery or knowledge of the cause of action.
In the present case, the doctor's initial act or omission during the surgery did not cause any injury, and plaintiff could not at that time have asserted an "action for damages for injury" that would not be subject to dismissal. Unlike the situation apparently contemplated by La.R.S. 9:5628 in which damage or injury occurs immediately after an act or omission and then progresses slowly until the injury becomes manifest and discoverable, this case presents a situation in which there was no injury whatsoever, latent or manifest, simultaneous with the act or omission during the surgery.
When the doctor implanted the rod incorrectly (according to the petition), the only cause of action which arose was one to require the doctor to redo the improper surgical procedure (which had only a potential for injury) by implanting the rod correctly. Under that cause of action, plaintiff was only entitled to recover the cost of redoing the surgery and the damages attendant thereto. Since plaintiff had not suffered any injury at the time of the surgery, he could not then assert an "action for damages for injury".
*716 When the rod broke, a cause of action for damages for injury arose for the first time. Under that cause of action, plaintiff was entitled to recover damages for the injury related to the breaking of the improperly implanted rod. The cause of action which arose upon the breaking of the rod superseded any previous cause of action to correct the potential danger from the incorrect implanting of the rod (because it was no longer possible to redo the improper procedure). The potential danger which was initially set up by the act or omission during the surgery ripened into actual injury when the rod broke and gave rise for the first time to an "action for damages for injury".
We distinguish between a statute which may bar an "action for damages for injury" before the discovery of the injury and one which may bar such an action before the occurrence of the injury. La. R.S. 9:5628, by its terms, perhaps bars an action when the act or omission immediately causes an injury which is not discovered within three years and thereby dispenses with the contra non valentem doctrine's suspension of prescription in such cases. As a prescriptive statute, however, La.R.S. 9:5628's limitation of "three years from the date of the alleged act, omission or neglect" should be interpreted, in the absence of an express contrary intent, in a traditional prescriptive sense to contemplate injury-causing acts or omissions. Because the onset of injury marked the first point in time that the courts could take cognizance of plaintiff's claim, we conclude that the commencement of prescription on any "action for damages for injury" resulting from the initial act or omission was suspended until the injury actually occurred.
Accordingly, the judgments of the lower courts are reversed, the exception of prescription is overruled, and the case is remanded for further proceedings.
DENNIS, J., concurs with reasons.
MARCUS and BLANCHE, JJ., dissent and assign reasons.
MARCUS, Justice (dissenting).
Although I agree that La.R.S. 9:5628 is a prescriptive statute, I do not consider that prescription was suspended in the instant case. The plaintiff's one and only cause of action against the doctor arose when he allegedly implanted the rod incorrectly. When the rod broke, no new cause of action was created; rather, plaintiff's damages were increased. Perhaps prior to the rod's breaking, plaintiff did not realize that she had a claim against the doctor. Her failure or inability to discover the alleged malpractice, however, did not suspend prescription. Chaney v. Dept. of Health, 432 So.2d 256 (La.1983). In finding that prescription was suspended until the rod broke, the majority has, in effect, re-established the discovery rule (the fourth category of contra non valentum) for medical malpractice claims brought more than three years after the act, omission or neglect and thus circumvented the requirements of La.R.S. 9:5628. Since plaintiff filed her suit more than three years after the alleged malpractice and since her failure to discover the full extent of her damages did not suspend prescription, her claim has prescribed. Moreover, I do not consider that the statute violates plaintiff's constitutional rights. Hence, I would affirm the judgment of the court of appeal.
Accordingly, I respectfully dissent.
BLANCHE, Justice (dissenting).
This writer is of the opinion that there are but two choices in this case: (1) either apply La.R.S. 9:5628 as written and find that the plaintiff's claim has prescribed, or (2) declare the statute unconstitutional. The majority opinion does neither.
As testament to the fact that section 5628 when applied literally to this case mandates the conclusion the claim has prescribed, the only specifications of error raised by relator, Sharon Crier, in this Court are constitutional challenges to the statute. The facts in this case involve nothing more than an application of the "discovery rule" portion of the judicially created doctrine of contra non valentem *717 agere non currit prescriptio, as legislatively limited by section 5628. See Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986). Since the doctor's alleged act of negligence occurred in 1978 and suit was not filed until 1983, more than three years has elapsed since the alleged act of negligence and the claim is prescribed. On this point this writer concurs in the reasons expressed by Marcus, J. in dissent.
The majority compounds the error of misapplication of section 5628 by failing to address plaintiff's constitutional challenges. In relator's application for writs to this Court she argues that section 5628 violates the "access-to-the-courts" provision of the state constitution, La.Const. Art. I, § 22, and the equal protection clauses of both the state, La.Const. Art. I, § 3, and the federal, U.S. Const., XIV Amend., constitutions. This writer is still of the opinion that the statute is not violative of either of the equal protection clauses or of Article I, § 22. Sibley v. Board of Sup'rs of Louisiana State Univ., All So.2d 1094 (La. 1985) (Blanche, J. dissenting). The majority opinion falls into grievous error in not addressing a question that is ripe for decision and the answer to which is of such great importance to both public and private interests in this state.
For these reasons, I respectfully dissent.
NOTES
[1] Plaintiff filed a separate action against the manufacturer of the rod.
[2] The revision comments to La.C.C. Art. 3467 note that the courts have resorted to the doctrine of contra non valentem in exceptional cases and that "[t]his jurisprudence continues to be relevant" after the 1982 revisions.