BOUTALL, Chief Judge.
This is a medical malpractice suit. From a judgment maintaining an exception of prescription and dismissing their suit, the plaintiffs have appealed.
The sole question before us is whether the trial court was in error in maintaining the exception.
*397 Robert Maltby and his wife Robin Posey Maltby allege that surgery performed negligently on Mrs. Maltby by Dr. Kohlmann Gauthier at Metairie General Hospital in late 1972 and 1973 resulted in damage to her reproductive organs and rendered her unable to conceive children. Mrs. Maltby was informed of the source of her problem on February 12, 1979 and the couple filed suit on February 11, 1980.
Had LSA-R.S. 9:5628 not been enacted, the plaintiffs’ suit would have been timely filed, as prior law required only that a medical malpractice suit be filed within a year of discovery of the negligent act. LSA-R.S. 9:5628, effective September 12, 1975, imposed an additional requirement that the claim must be filed within a period of three years from the date of the alleged act, omission, or neglect. Under a strict reading of the statute, the Maltbys’ suit had prescribed, having been filed seven years after the surgery.
The plaintiffs urge that their case falls under the doctrine of contra non valen-tum agere nulla currit praescriptio,[1] from which four exceptions to liberative prescription are derived, including the following:
"... where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant_” Chaney v. State Through Dept. of Health, 432 So.2d 256 (La.1983), at 259.[2]
Further, they argue that the statute should not have been applied retroactively to their claim, as retroactive application denied them their constitutional rights of equal protection under the law and access to the courts. The trial judge cited Ramirez v. St. Paul Fire & Marine Ins. Co., 433 So.2d 219 (La.App. 3rd Cir.1983), writ denied 441 So.2d 212 (La.1983), where the statute was applied retroactively, and said, in his reasons for judgment:
“The Court is of the opinion that the plaintiffs’ action has prescribed because suit was not brought until February of 1980. The plaintiffs were afforded a reasonable period of time following the enactment of the statute within which to assert their claim and they did not do so.”
The statute makes no transition provisions to cover causes of action arising from acts of malpractice occurring prior to September 12, 1975. The Supreme Court in Lott v. Haley, 370 So.2d 521 (La.1979) chose not to apply the amendment retrospectively and set out the law regarding the application of new laws as follows, at 523, 524:
“It is well established that statutes of limitation are remedial in nature and as such are generally accorded retroactive application. State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943); Shreveport Long Leaf Lumber Co. v. Wilson, supra [195 La. 814, 197 So. 566]; DeArmas v. DeArmas, 3 La.Ann 526 (1848). However, statutes of limitation, like any other procedural or remedial law, cannot consistently with state and federal constitutions apply retroactively to disturb a person of a preexisting right. Orleans Parish School Board v. Pittman Construction Co., supra [261 La. 665, 260 So.2d 661]. Nonetheless, a newly-created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights. Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950); State v. Recorder of Mortgages, 186 La. 661, 173 So. 139 (1937). Moreover, the legislature is the judge of the reasonableness of the time and the courts will not interfere except where the time is so short as to amount to a denial of justice. Cooper v. Lykes, supra. Finally, where an injury has occurred for which the *398 injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process. Burmaster v. Gravity Drainage District No. 2 of the Parish of St. Charles, 366 So.2d 1381 (La.1978).”
The plaintiff in Lott v. Haley alleged an act of medical malpractice occurring on January 21, 1972 and discovery of it on April 1, 1976. He filed suit on March 21, 1977. The court held that retroactive application of the statute to these facts “would divest plaintiff of his vested right in his cause of action in violation of the due process guarantees under the state and federal constitutions.”
The reasoning of Lott, supra, was applied to a similar sequence of facts in Zeno v. Lincoln General Hospital, 376 So.2d 1284 (La.App. 2nd Cir.1979). There the allegedly negligent surgery occurred on November 3, 1969, and the plaintiff was informed in November, 1977, that the source of her continuing pain was improper performance of surgery. She filed suit on July 7, 1978. The court found that, as the claim vested in 1969, the rule of Lott v. Haley, supra, applied: that a new statute could not be applied retroactively to deprive a plaintiff of a vested right unless it allowed a reasonable period of time following its enactment for the plaintiff to file suit.
The chronology of the two cases discussed above is important when we compare them to cases in which retrospective effect was given to LSA-R.S. 9:5628. In Lott v. Haley and in Zeno v. Lincoln General Hospital, while the causes of action arose prior to the statute’s effective date of September 12, 1975, suit was filed within three years of the effective date. The chronology was different in Ramirez v. St. Paul Fire & Marine Ins. Co., supra, where the alleged malpractice took place from June 10 to 13,1975, but the plaintiff did not discover the negligent acts until August 9, 1980 and filed suit August 5, 1981. The court held the claim had prescribed, noting that even if the cut off date were three years after the effective date of the statute, i.e. September 12, 1978, suit was filed too late. The court discussed Lott v. Haley, and said, at 222:
“Based on the decision in Lott and the clear language of LSA-R.S. 9:5628, it is our opinion that the doctrine of contra non valentem is no longer available to a plaintiff in a medical malpractice action to prevent the running of a prescription....”
In Saucier v. Drs. Houston, Roy, Faust & Ewin, 446 So.2d 877 (La.App. 4th Cir.1984), writ denied 449 So.2d 1343 (La.1984), the malpractice occurred in June, 1975, the condition was discovered in April, 1979, and suit was filed in September, 1979. The court found the Ramirez case to be controlling and said, at 879:
“... Although it is argued that since he didn’t discover the injury until April of 1979, it would have been impossible to file within the prescribed three years, that issue is properly for the legislature. In essence plaintiff complains that the statute is unfair. Nonetheless, the legislature saw fit to put a three year per-emptive period on malpractice claims....”
The Supreme Court in Chaney v. State Through Dept. of Health, 432 So.2d 256 (La.1983) upheld a strict reading of the statute in a case where the malpractice claim arose after the effective date and the suit was filed more than three years later. The same approach was followed in Valentine v. Thomas, 433 So.2d 289 (La.App. 1st Cir.1983), writ denied 440 So.2d 728 (La.1983), a case with similar chronology. In Valentine v. Thomas the court responded at length to the plaintiff's arguments of denial of equal protection, due process and access to the courts. As to equal protection, the court found that the statute does not affect a fundamental right or create a suspect classification. The discriminatory treatment of persons who discover an act of malpractice after three years have passed bears a rational relationship to the state’s interest in reducing health care costs. By limiting the time for a patient to bring a malpractice action, the state re *399 stricts the number of suits brought, which reduces medical malpractice insurance rates and costs for care charged to patients. Further, the legislature is empowered to set time periods affecting the imposition of liability for past acts. Burmaster v. Gravity Drainage Dist. No. 2, 366 So.2d 1381 (La.1978). The Valentine court said that the limitation does not violate substantive due process for the same reasons that it does not violate equal protection guarantees. It found that three years was a reasonable time for discovery of an act of malpractice and suit to be filed. To the argument that the statute infringes upon the right of access to the court, the court responded that access may be limited or regulated, when the right asserted is not a constitutionally protected fundamental right and if there is a rational basis for the regulation or limitation. Everett v. Goldman, 359 So.2d 1256 (La.1978).
After the hearing of this appeal, the Louisiana Supreme Court recently rendered an opinion in the case of Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986). That case held that L.R.S. 9:5628 was a prescription statute and not a per-emption statute. The opinion noted that the constitutionality of the statute was not at issue and the controlling issue was the interruption of prescription applicable to one solidary obligor. However in dicta (in Footnote 13) the court stated:
"... Should plaintiff fail to prove negligence on the part of the hospital, a peremptory exception of prescription, which can be filed at any time (La.Code Civ.Pro. art. 928 B), should be maintained.”
This statement is apparently based on the law stated therein as well as the chronology, at page 724:
"... We decide that 9:5628 is a prescription statute with a qualification, that is, the contra non valentum type exception to prescription embodied in the discovery rule is expressly made inapplicable after three years from the act, omission or neglect....”
The chronology therein is: March 17, 1975, the act, omission or neglect; March 15, 1976, suit against hospital; October 3, 1983, amended petition made doctor a defendant. Noting the effective date of the statute to be September 12, 1975, we point out that there, as here, the act or omission occurred prior to the effective date of the statute and suit was filed (there against the co-obligor doctor) more than three years after the effective date of the statute.
However, on the very day the Hebert case was decided, the Supreme Court also decided the case of Crier v. Whitecloud, 486 So.2d 713 (La.1986). That case appears to limit the applicability of L.R.S. 9:5628 to an “action for damages for injury” such that the courts cannot take cognizance of the action until an injury occurs, and commencement of the accrual of prescription is suspended between the time of the act or omission and the time the “injury” occurs. What an “injury” may be is not precisely defined but presumably is to be determined by the facts in each case. The court held that the breaking of a Harrington Rod implanted in one’s back is an “injury.” However, an “injury” does not appear to be the negligent cutting and drilling of flesh and bone and implanting of the Harrington Rod such as to necessitate another operation of cutting and drilling, withdrawal of the rod and implanting it correctly if this is then possible.
In our case in 1972 and 1973 the doctor conducted various surgical procedures on his patient that “were totally unnecessary, radical in nature, and irreparable damaging to the reproductive organs of Robin Posey Maltby, so severely, that as a result thereof, she is unable to conceive a child.” This was, in an amended petition, particularized as: On or about 11/3/72, circumcision, insertion of stern pessary and conization, and on or about 1/12/73 conization insertion of stern pessary with a D and C.”
For the application of the Crier doctrine, it seems necessary to divide malpractice claims into three classifications: 1, when the injury immediately follows the act or omission; 2, when the injury does not occur immediately but sometime later; and 3, *400 when the injury occurs immediately and then progresses slowly until the injury becomes manifest and discoverable.
Because the doctrine in Crier is a novel one, the parties hereto have not had an opportunity to have a factual trial to establish when the “injury” occurred. From the allegations quoted, it appears that the destruction of the reproductive organs was immediate and that this did not become apparent until attempts at conception failed years later. We have considered the resolution of this problem by a remand for a factual hearing. We do not do so because the issue below as well as in this court is not a factual issue but a constitutional one. We consider it mandatory that we face this and attempt to resolve it. To remand would only delay this matter further and the constitutional issue would be the subject of another appeal in this case.
For the reasons hereinabove stated, we conclude that L.R.S. 9:5628 applies to this case where the act or omission occurred prior to the effective date of the statute; that the statute is constitutional and establishes a reasonable time for the exercise of plaintiffs rights; that plaintiffs’ suit filed more than three years beyond the act or omission and more than three years beyond the effective date of the statute has prescribed.
We affirm the judgment of the trial court maintaining the peremptory exception of prescription dismissing plaintiffs’ suit against exceptor New Orleans Metairie Foundation at plaintiffs’ costs.
AFFIRMED.
KLIEBERT and GRISBAUM, JJ., dissent with written reasons.
BOWES, J., dissents.

. Prescription does not run against a party unable to act.

. At the time this suit was filed, LSA-C.C. art. 3521 provided that, “[p]rescription runs against all persons, unless they are included in some exception established by law."