**Martha Stull MONTAGINO,
Plaintiff-Appellant,**

v.

**Dr. Salvador "Sal" CANALE, et al.,
Defendants-Appellees.**

No. 84–3387.

United States Court of Appeals,
Fifth Circuit.

June 25, 1986.

Dwight W. Norton, New Orleans, La., for plaintiff-appellant.

C. William Bradley, Jr., Lemle, Kelleher, Kohlmeyer & Matthews, H. Martin Hunley, Jr., New Orleans, La., for defendants-appellees.

Before IRVING L. GOLDBERG and JOLLY, Circuit Judges.[*]

E. GRADY JOLLY, Circuit Judge:

In this medical malpractice diversity case, the plaintiff, Martha Stull Montagino, appeals a summary judgment in favor of Dr. Salvador Canale. Montagino's complaint alleges that Dr. Canale intentionally failed to inform Montagino that she had pulmonary tuberculosis and further failed to treat that condition. The district court, in granting summary judgment and dismissing the complaint, held that La.Rev. Stat.Ann. § 9:5628(A) (West 1983) barred recovery as a matter of law because the alleged malpractice occurred more than three years prior to the filing of the action. Montagino contends on appeal (1) that the Louisiana medical malpractice prescription statute does not apply to intentional torts; (2) that she was not allowed sufficient time to conduct discovery; (3) that genuine issues of material fact barred summary judgment; and (4) that the statute is unconstitutional under both the Louisiana and the United States constitutions. Finding no merit to these claims, we affirm.

I.

Dr. Canale performed surgery on Montagino at Hotel Dieu Hospital in New Orleans on May 31, 1976, removing a tuberculoma tumor from her right lung. After the surgery Dr. Canale is alleged to have informed Montagino that she did not have tuberculosis and that she did not require anti-tuberculin medication.

Montagino alleges that several months after the surgery, Dr. Canale knew or should have known that she had pulmonary tuberculosis but failed to inform her. In September 1982, more than six years after Dr. Canale operated on the plaintiff, she was diagnosed as suffering from tuberculosis. She had undergone extensive chest and lung surgery in attempts to counter the effects of the disease.

In August of 1983, Montagino filed an action against Dr. Canale in federal district court,[1] claiming that his negligence caused her to suffer from tuberculosis and resulted in extensive surgery. Her amended complaint, dated January 24, 1984, charged that Dr. Canale intentionally failed to prescribe anti-tuberculin medication and that such medication would have either prevented the recurrence of the disease or lessened its severity.

Dr. Canale filed a motion to dismiss, which was treated by the district court as a

---

[*] Due to his death on March 27, 1986, Judge Albert Tate, Jr., did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. 46(d).

1. Montagino also filed an action in state court in 1983. Named as defendants in that action are Dr. Canale, Hotel Dieu Hospital, Dr. Alfred Hew, Jr., and three unknown insurance companies. The plaintiff urges that even if La.Rev. Stat.Ann. § 9:5628(A) (West 1983) renders the federal suit untimely, the timely filing of an action against solitary obligors (i.e., the three unknown insurance companies, which are not covered by the medical malpractice statute)

"saves" her cause of action against Dr. Canale in federal court.

In some instances, the prescription period for a medical malpractice action under section 9:5628(A) may be tolled by a timely filed action against a solitary obligor. *See Billiot v. American Hospital Supply Corp.,* 721 F.2d 512 (5th Cir.1983). This rule has no application to the instant case, however, because Montagino's action in state court was prescribed by the passage of three years between the date of the alleged wrongful act and the date of filing the state action.

motion for summary judgment. The district court granted summary judgment in favor of Dr. Canale because Montagino's cause of action had prescribed under La. Rev.Stat.Ann § 9:5628(A) (West 1983).

## II.

The Louisiana medical malpractice statute of limitations provides:

> No action for damages for injury or death against any physician, ... duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.[2]

La.Rev.Stat.Ann. § 9:5628(A) (West 1983). Montagino contends that this statute is inapposite because Dr. Canale allegedly committed an intentional tort.

"Malpractice" is defined in La.Stat.Ann. § 40:1299.41A(8) (West 1977) as "any unintentional tort...." Montagino therefore contends that section 9:5628(A), which is titled "Actions for medical malpractice," creates a prescriptive period for unintentional torts only. Although the two statutes are contained in different titles of the Louisiana Revised Statutes, they are closely related: section 40:1299.41A(8) determines whether a cause of action is a medical malpractice action, and section 9:5628(A) determines when a medical malpractice action prescribes.

■ The two statutes read together, Montagino argues, are ambiguous, and no Louisiana court has considered whether section 9:5628(A) applies to intentional torts. The Louisiana rule of statutory construction and interpretation is, however, that the act as a whole ought to be interpreted so that no clause, sentence, or word shall be superfluous, or meaningless, if that result can be avoided, *Bunch v. Town of St. Francisville*, 446 So.2d 1357, 1360 (La.App. 1st Cir.1984), and "the legislature is not presumed to insert superfluous, useless and meaningless words, sentences, phrases, or clauses in its enactment." *Crown Zellerbach Corp. v. Heck*, 407 So.2d 770, 774 (La.App. 1st Cir.1981). We are therefore confident that a Louisiana court would construe "act, omission, or neglect" in section 9:5628(A) to mean an intentional or an unintentional tort. The three-year bar thus applies even when a malpractice plaintiff alleges an intentional act or omission.

In the instant case, Montagino is suing Dr. Canale for allegedly intentionally failing to inform her that she needed anti-tuberculin treatment. This alleged intentional omission occurred in 1976; Montagino had until 1979 to file this action. The present action, filed in 1983, is thus time-barred under section 9:5628(A). Neither further discovery nor the existence of any factual issues can change this result.

## III.

Montagino also asserts that La.Rev.Stat. Ann. § 5628(A) (West 1983) violates the due process and equal protection clauses of the state and federal constitutions. The two Louisiana Courts of Appeals that have addressed these state constitutional issues have held that section 9:5628 does not violate the Louisiana constitution. Turning first to the equal protection challenge, the Court of Appeals of Louisiana in *Valentine v. Thomas*, 433 So.2d 289 (La.App. 1 Cir.), *writ denied*, 440 So.2d 728 (La.1983), found that section 9:5628 did not involve any fundamental rights nor create any suspect classification; the court thus determined that "the issue is whether the law which discriminates is supported by a rational basis reasonably related to the governmental interests sought to be advanced by it." *Id.* at 292, 440 So.2d 728. Finding that

---

2. While this statute seems to be oddly constructed, its meaning is quite clear. A plaintiff can bring a malpractice suit within one year of the alleged malpractice *or* within one year of the discovery of the alleged malpractice, provided that the filing of the action is within three years of the alleged malpractice.

reducing the cost of health care to the public was the purpose of section 9:5628, the court concluded that the time limitations within which an injured patient may bring a malpractice action was rationally related to that purpose. *Accord Crier v. Whitecloud*, 455 So.2d 1279, 1282 (La.App. 4 Cir.1984), *Rev'd on other grounds*, 486 So.2d 713 (La.1986).

Applying a similar analysis to the due process challenge to section 9:5628, the Louisiana courts have found that this statute does not violate state constitutional guarantees of due process. Noting that a statute "violates notions of substantive due process when it does not bear a real and substantial relationship to an appropriate governmental objective," *Valentine*, 433 So.2d at 293, the *Valentine* court determined that the due process clause required the regulation to be "reasonable in relation to the goal to be attained and is adopted in the interest of the community as a whole." *Id.* Again, the court concluded that section 9:5628 satisfied this constitutional demand because a time limitation on bringing medical malpractice suits assists in decreasing health costs in Louisiana. *Accord, Crier*, 455 So.2d at 1283.

The due process and equal protection clauses in the federal Constitution are analogous to those contained in the state constitution. The fourteenth amendment prohibits a state from denying equal protection of the laws and mandates "similar treatment of persons in similar situations." *Seoane v. Ortho Pharmaceuticals, Inc.*, 660 F.2d 146, 149 (5th Cir.1981). Traditionally, two standards have been applied in equal protection analysis: strict scrutiny and minimum scrutiny. Strict scrutiny applies when a classification impinges on a fundamental right or constitutes a suspect classification. *San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 17, 93 S.Ct. 1278, 1288, 36 L.Ed.2d 16 (1973). Minimum scrutiny applies to virtually all other challenged classifications, and it requires only that the classification further a legitimate governmental purpose. *Id.*

Montagino urges that the three-year prescriptive period of section 9:5628(A) con-stitutes an irrational classification that results in dissimilar treatment of Louisiana medical malpractice victims and ordinary tort victims. The Louisiana statute, however, does not impinge on a fundamental right, *see Seoane*, 660 F.2d at 150–51, or involve a suspect classification. We must therefore apply minimum scrutiny.

■ The burden is upon Montagino to show that the classification is "wholly arbitrary." *Karr v. Schmidt*, 460 F.2d 609, 617 (5th Cir.) (en banc), *cert. denied*, 409 U.S. 989, 93 S.Ct. 307, 34 L.Ed.2d 256 (1972). As articulated by the Louisiana Court of Appeals for the First Circuit, section 9:5628 was enacted

in response to sharp increases in medical malpractice insurance rates and the resulting threat of reduced health care to the patient and of greatly increased medical costs to the public. Limitations on the time within which an injured patient may bring a malpractice action will serve to restrict the number of suits brought. The interest sought to be advanced is the alleviation of the insurance crisis by reducing malpractice claims, thereby reducing medical malpractice insurance rates, resulting in health care being more accessible to patients at reasonable costs.

*Valentine*, 433 So.2d at 292. Montagino has failed to sustain her burden of showing that the challenged classification has no rational relationship to a constitutionally permissible state objective. Her contention that the medical malpractice prescription statute denies her equal protection of the laws must therefore be rejected.

■ Montagino's claim that the prescription statute denies her substantive due process must also be rejected. Since, as indicated above, the challenged statute does not restrict the exercise of a fundamental right, our review is limited to the issue of whether the statute is arbitrary. *Seoane*, 660 F.2d at 150–51. Again, the burden is on Montagino to establish that the statute is arbitrary. *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15, 96 S.Ct. 2882, 2892, 49 L.Ed.2d 752 (1976). As indicated

558

above, she has failed to establish that the medical malpractice statute is irrational.

■ Lastly, we reject Montagino's contention that the prescription statute violates her right to procedural due process. Access to the courts may be restricted with regard to a right which is not fundamental. *Seoane,* 660 F.2d at 151.

### IV.

We conclude that La.Rev.Stat.Ann. § 9:5628(A) (West 1983) applies to intentional torts and does not contravene the state and federal constitutions. Since Montagino failed to file her action in a timely manner, we find it unnecessary to decide Montagino's contentions that she was denied sufficient time to conduct discovery and that genuine issues of material fact precluded summary judgment. For these reasons, the district court's summary judgment in favor of Dr. Canale is

AFFIRMED.