Gladys BROOKS and John C. Brooks, Plaintiffs–Appellants,

v.

VITEK, INC., et al., Defendants,

Richard K. Akin, D.D.S. and Alton Oschner Medical Foundation, Defendants–Appellees.

No. 88–3947
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 16, 1989.

---

Charles V. Guilbault, Suzette Marie Smith, Courtenay, Forstall, Grace & Hebert, New Orleans, La., Thomas E. Vaughn, Guldport, Miss., for plaintiffs-appellants.

Lawrence L. McNamara, Lisa M. Tompkins, Michael D. Carbo, Adams & Reese, New Orleans, La., for defendants-appellees.

Before REAVLEY, JONES and DUHE, Circuit Judges.

REAVLEY, Circuit Judge:

In February 1981, Richard K. Akin, D.D.S., performed surgery on Gladys Brooks' right temporomandibular joint (TMJ). The meniscus, a cartilage pad between surfaces of the joint, had to be removed. In its place, Dr. Akin implanted a piece of Teflon Proplast material marketed by Vitek, Inc. In May 1986, Mrs. Brooks underwent additional TMJ surgery. The Proplast implant had fractured and the pieces were surgically removed.

In May 1987, Mrs. Brooks and her husband filed this diversity jurisdiction action in federal court against Vitek, Inc. In discovery, Mr. and Mrs. Brooks learned that the Proplast material used by Dr. Akin came to him in square pieces and that Dr. Akin fitted the material specifically for the TMJ implant. An amended complaint, filed in September 1988, named Dr. Akin and Alton Oschner Medical Foundation (Oschner), the hospital where the initial surgery was performed, as defendants. Dr. Akin and Oschner filed a motion for summary judgment. After a hearing on the motion, the district court granted summary judgment on the ground that the action alleged medical malpractice against Dr. Akin and Oschner and was therefore barred by the uninterrupted three-year prescriptive period under La.Rev.Stat.Ann. § 9:5628. Mr. and Mrs. Brooks appeal a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; we affirm.

*Discussion*

The Brooks contention is that Dr. Akin was a "manufacturer" of the Proplast implant and the prescriptive period for malpractice is inapplicable in that context. In their complaint, Mr. and Mrs. Brooks alleged that Dr. Akin "modified and/or installed a defective artificial TMJ implant manufactured by Vitek, Inc. which was neither reasonably suited for its intended purpose nor Food and Drug Administration approved." Further, they alleged that "the surgery, use of the implant, modification of the implant and misrepresentation of the risks involved were done at the direction of or with the approval of" Oschner.

The prescriptive period applied by the district court applies to actions "based upon tort, or breach of contract, or otherwise, arising out of patient care." La.Rev. Stat.Ann. § 9:5628 (West Supp.1989). Mr. and Mrs. Brooks contend that whether an action based on the modification of the Proplast material before it was implanted into Mrs. Brooks is an action "arising out of patient care" is an unresolved fact question and that summary judgment was therefore inappropriate. We disagree.

Section 40:1299.41 A.(8) defines "malpractice" to include "all legal responsibility of a health care provider arising from … defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient." La.Rev.Stat.Ann. § 40:1299.41 A.(8) (West Supp.1989). Mr. and Mrs. Brooks argue that § 40:1299.41 A.(8) and § 9:5628 are unrelated; specifically, they claim that § 9:5628 applies only to actions "arising out of patient care," a category they claim to be smaller than that of "malpractice." The prescriptive period of § 9:5628, however, is explicitly applicable to a "malpractice claim," *see Crier v. Whitecloud*, 496 So.2d 305, 311 (La.1986), and § 9:5628 and § 40:1299.41 A.(8) are "closely related." *Montagino v. Canale*, 792 F.2d 554, 556 (5th Cir.1986). Dr. Akin's actions, and those of Oschner, fall

within those actions which may be the subject of malpractice litigation.

In addition, Dr. Akin's manipulation of the Proplast material does not transform him from a doctor providing patient care into a "manufacturer" of a product. The definition of manufacturer includes a maker of component parts, an assembler of parts supplied by others, the seller who vouches for the product by holding it out as his own, and professional vendors or merchants who are presumed to know of the defects of their wares. *See Rowell v. Carter Mobile Homes, Inc.*, 500 So.2d 748, 752 (La.1987). Dr. Akin and Oschner fit within none of these categories. *See also* La.Rev.Stat.Ann. 9:2800.52(1) and 9:2800.-53(1) (West Supp.1989).

The district court correctly granted the defendants' motion for summary judgment. No question of material fact remained. *See* Fed.R.Civ.P. 56(c). The actions of Dr. Akin and Oschner, as alleged, constitute a claim for malpractice. As such, the claim against Dr. Akin and Oschner is barred by the three-year prescription period under § 9:5628.

AFFIRMED.